**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HARVENDER SINGH,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-1626<br><br>Agency No.<br>A208-613-516<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024**
San Francisco, California

Before: BEA, HAMILTON, and CHRISTEN, Circuit Judges.***

Harvender Singh petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal of the Immigration Judge's ("IJ") order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals for the Seventh Circuit, sitting by designation.

denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review the agency's factual findings, including credibility determinations, for substantial evidence." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022). Such "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)). The Real ID Act "requires a healthy measure of deference to agency credibility determinations." *Shrestha*, 590 F.3d at 1041. But IJs must still "provide specific and cogent reasons in support of an adverse credibility determination." *Id.* at 1044 (quoting *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009)).

Here, the BIA's adverse credibility determination is supported by substantial evidence. The BIA based its conclusion on, among other things, inconsistencies in Petitioner's testimony about his injuries and the medical treatment he received.

Petitioner testified that he fractured his right kneecap during the second attack he suffered, and confirmed that this was the only part of his leg that was fractured. But the statement from Petitioner's treating physician reports that Petitioner had a fractured femur and does not mention any injury to Petitioner's kneecap. When asked to explain this inconsistency, Petitioner reiterated merely that his kneecap had been broken and asserted that he had an x-ray that had not been submitted into evidence. Petitioner also testified that he was given a cast that extended from his ankle to his knee. Later, Petitioner testified that the cast covered his entire leg. Despite being provided with an opportunity to explain this discrepancy, Petitioner did not provide an adequate explanation. These critical inconsistencies, which were expressly identified by the BIA, constitute "specific and cogent reasons in support of an adverse credibility determination." *See Shrestha*, 590 F.3d at 1044 (quoting *Malkandi*, 576 F.3d at 917).

Because the BIA did not err by making its adverse credibility determination, we readily conclude that Petitioner did not meet his burden of establishing entitlement to relief under asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Accordingly, we need not address the other issues raised by Petitioner on appeal.[1]

---

[1] Petitioner did not argue that he was entitled to CAT relief on appeal before our court.

**PETITION DENIED.**